## Timothy Parlatore, Esq.

| | |
|---|---|
| **From:** | Eric Montalvo <emontalvo@fedpractice.com> |
| **Sent:** | Friday, September 23, 2022 6:08 PM |
| **To:** | Timothy Parlatore, Esq. |
| **Cc:** | Daisy Chung; 'Gonzalez Horowitz, Brenda (USADC)'; Carol Thompson; Cristina Lagarde; Laura Berry; James Asbill |
| **Subject:** | RE: Meet & Confer - Sanctions Motion |

Mr. Parlatore,

What we know from your testimony and the record are two things: 1) you have lied under oath and 2) that you did so intentionally. Your testimony – which is false – indicates that your statement of "unknown" was that you had no idea how Shaw came into possession of the offending notes despite having the creator of the notes as a client and the person who convened the FNAEB (which took place over a year prior to your offending correspondence) that contained the offending notes. Additionally – you discussed the notes topic with Carl Prine during August of 2019 approximately five months prior to distributing your letter. You also acknowledge that breaking into a senior officer's office or violating a law or regulation are punishable as crimes under the Uniformed Code of Military Justice.

Note that a frivolous Rule 11 sanction motion may itself be a violation of Rule 11. Fed. R. Civ. P. 11. <u>Ahuruonye v. U.S. Dept. of Interior</u>, 312 F.Supp.3d 1 (D.D.C. 2018); <u>Riccard v. Prudential Ins. Co.</u>, 307 F.3d 1277, 1294 (11th Cir. 2002)(Order imposing Rule 11 sanctions on party and his attorney, for their bad faith filing of motion for such sanctions against their opponents based on alleged misrepresentation that played no part in district court's decision, was not abuse of district court's discretion, where baseless sanctions motion was part of pattern of re-argument and re-litigation that had marked party's and attorney's efforts throughout lawsuit). Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

I understand that you are *pro se*. You moved for admission to this Court. The Court has already admonished you on the record regarding the truthfulness of your statements. You consider this and the assistance of qualified counsel before you file any such motion. If you file it I will of course contest it and seek any and all remedies available under the law.

Break // break //

I will review what has been previously provided and out of an abundance of caution resend any documents that may have not been provided first thing next week.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com>
**Sent:** Friday, September 23, 2022 12:50 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Daisy Chung <DChung@fedpractice.com>; 'Gonzalez Horowitz, Brenda (USADC)' <Brenda.Gonzalez.Horowitz@usdoj.gov>; Carol Thompson <CThompson@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; James Asbill <jasbill@fedpractice.com>
**Subject:** Re: Meet & Confer - Sanctions Motion

All,

As a reminder, today is the final day of the safe-harbor period to withdraw the claims against me before the filing of the sanctions motion.

Additionally, I just learned that a motion to quash a deposition subpoena was filed in the Southern District of Indiana for a subpoena served on Carl Prine. This deposition was noticed for yesterday, September 22, 2022, yet Plaintiff's counsel failed to provide any notice to me of the existence of this, or any other subpoenas which may have been served. You may recall that I asked several times by email whether any third-party deposition subpoenas were served, to which Montalvo failed to respond.

I am now asking yet again that you identify all third-party subpoenas that you have issued or served in this case. If you refuse to cooperate, I will have no choice but to address your refusal with the Court.



CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814

On Mon, Sep 19, 2022 at 2:04 PM, Timothy Parlatore, Esq. <timothy.parlatore@parlatorelawgroup.com> wrote:

Mr. Montalvo,

I am writing, pursuant to DC LCvR 7(m) in an effort to meet and confer before filing the motion for sanctions, which you were served with on September 2. As outlined in the motion, pursuant to Fed.R.Civ.P. 11, this motion may not be filed until you are first given 21 days within which to withdraw the challenged paper, which is this Friday, September 23. While this "safe harbor" provision usually resolves the meet & confer requirements, I wanted to email you, in an abundance of caution and to ensure that I am fully complying with DC LCvR 7(m) before filing as well.

While I believe that you had more than enough information to understand the frivolity of the claims against me before filing, and certainly before each successive amended complaint, at this point, you have even more information because, this past Friday, you conducted my deposition and had full opportunity to ask about the circumstances surrounding my request for the IG to investigate David Ursini for potentially providing documents to your client. As there is clearly no basis to maintain your defamation claim, I would again ask you to immediately withdraw it.

Notwithstanding the above, I am ready, willing, and able to have a discussion with you, pursuant to LCvR 7(m) about this anticipated motion and any information that you would like me to consider that may potentially resolve the issue. Specifically, if you have any basis, factually or legally, that your defamation claim should proceed, please let me know, either by email or I am happy to discuss by phone before Friday's deadline to withdraw.

Thank you,

Tim Parlatore

CONFIDENTIAL NOTICE: This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the message in error, please reply to notify the sender and then delete the message. Thank you.

https://lcardapp.com/lcard/timothy.parlatore-51814